KLEIN et v. D. W. KAUFMAN REALTY CO

Ohio Appeals, 9th Dist., Summit Co.

No. 1470. Decided May 25, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1265. **WEIGHT OF EVIDENCE—257. Commission—for Sale of Real Estate—1235. Verdicts.**
Where evidence is conflicting as to whether or not date, on listing contract, has been changed and as to real date on which such contract was signed, as there is evidence tending to show that sale was made a few days before listing contract expired and delivery of deed delayed until after expiration for purpose of avoiding payment of commission. Finding that sale was made within term of contract, not manifestly against weight of evidence.

Error to Common Pleas.

Judgment affirmed.

Michael Sophrin, Akron, for Klein.
D. H. Schaffner and D. H. Hepner, Akron, for Realty Co.

FULL TEXT.
WASHBURN, PJ.
The D. W. Kaufman Realty Co. sued Carl and Thekla Klein in the Municipal Court to recover commission for the sale of real estate upon a written contract, known as a listing contract, which the parties both signed. The contract provided that the Kleins were to pay the Realty Co. the commission agreed upon if the property was sold during the life of the listing contract, whether the Realty Co. sold the property or the Kleins sold it themselves.

The listing contract was for a term of one month, and the Realty Co. claimed that the same was signed on the 20th of August and expired on the 19th of September, and the Kleins claimed that the listing contract was signed on the 17th of August and expired on the 16th of September.

The Kleins executed and delivered a deed to the purchaser of the property on the 18th day of September. The date of the listing contract as it appears thereon in pencil is "Aug.

20," and there is a very sharp conflict in the testimony as to whether or not the date on the contract had been changed and as to the real date on which it was signed.

While the deed to the purchaser of the property was executed and delivered on Sept. 18, there was testimony that the purchaser was negotiating for the property early in September and that he made application to a loan company for a loan thereon as early as Sept. 7, and that said loan was granted and formed a part of the transaction of sale; and there is other evidence indicating that the Kleins and the purchaser agreed upon the terms of the sale a considerable time before the expiration of the listing contract, whether its true date be considered as Aug. 17 or Aug. 20.

If the listing contract was signed on Aug. 20, then the sale was within the life of the same, and if the sale was made a few days before Sept. 18 and the delivery of the deed was delayed until the 18th for the purpose of avoiding the payment of a commission under the listing contract, then also the sale was made within the life of the listing contract.

The trial judge before whom the witnesses appeared and gave their testimony, found that said sale was made within the term of the listing contract, and if it was, it is conceded that the Realty Co. is entitled to its commission.

The only error complained of is that the finding of the trial judge that said property was sold during the term of said listing contract is manifestly against the weight of the evidence.

From a reading of the record we are unable to say that the finding of the trial judge was manifestly against the weight of the evidence, and therefore the judgment of the Common Pleas Court affirming the judgment of the Municipal Court is affirmed.

Funk, J., and Pardee, J., concur.